# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER NIOSI, *individually, and on behalf of all others similarly situated*, | Case No. 25-cv-1409 (LMP/DTS) |
| Plaintiff, | **ORDER** |
| v. | |
| EISNER ADVISORY GROUP LLC, | |
| Defendant. | |
| ANDREW MARSTON, *individually, and on behalf of all others similarly situated*, | Case No. 25-cv-1568 (LMP/DTS) |
| Plaintiff, | |
| v. | |
| EISNER ADVISORY GROUP LLC, | |
| Defendant. | |
| ROBERT CRIST and REBECCA L. LEMMONS, *individually and on behalf of all others similarly situated*, | Case No. 25-cv-1573 (LMP/DTS) |
| Plaintiffs, | |
| v. | |
| EISNERAMPER LLP and EISNER ADVISORY GROUP LLC, | |
| Defendants. | |

On April 8, 2025, Defendant Eisner Advisory Group LLC ("Eisner")—an accounting and auditing firm—gave public notice that it suffered a data breach in September 2023 that affected more than 85,000 individuals. *See* ECF No. 1 ¶¶ 1–2.[1] Shortly thereafter, Christopher Niosi and Andrew Marston (individually) and Robert Crist and Rebecca L. Lemmons (jointly) (collectively, "Plaintiffs") filed separate class action complaints against Eisner, asserting claims arising out of that data breach. *See generally id.*; *Marston v. Eisner Advisory Grp. LLC*, No. 25-cv-1568 (LMP/DTS) (D. Minn. Apr. 17, 2025), ECF No. 1; *Crist v. EisnerAmper LLP*, No. 25-cv-1573 (LMP/DTS) (D. Minn. Apr. 17, 2025), ECF No. 1.

Presently before the Court is Plaintiffs' joint motion to consolidate the three cases and to appoint interim co-lead counsel pending class certification. ECF No. 6. Eisner does not oppose the motion. ECF No. 7 at 2. For the following reasons, the Court grants the joint motion and consolidates the three cases into case number 25-cv-1409 under the caption *In re Eisner Advisory Group Data Breach Litigation*.

**I.    Consolidation**

A court may consolidate cases in which the claims and issues share common questions of law or fact. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(a)). Consolidation is appropriate if it helps avoid "unnecessary cost or delay" and furthers judicial economy. *See HBE Corp.*, 135 F.3d at 550. "Consolidation is

---

[1]    Unless otherwise noted, citation to docket entries is to *Niosi v. Eisner Advisory Group LLC*, 25-cv-1409 (LMP/DTS) (D. Minn.).

2

inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Id.*

The three complaints here undoubtedly involve common questions of law and fact. Each relates to Eisner's September 2023 data breach, and each asserts similar, if not identical, legal claims. *Compare* ECF No. 1 ¶¶ 74–115 (alleging negligence, breach of third-party beneficiary contract, and unjust enrichment), *with Marston*, No. 25-cv-1568, ECF No. 1 ¶¶ 89–139 (alleging negligence, breach of contract, unjust enrichment, and invasion of privacy), *and Crist*, No. 25-cv-1573, ECF No. 1 ¶¶ 109–185 (alleging negligence, breach of third-party contract, breach of fiduciary duty, breach of confidence, unjust enrichment, and violations of California statutes). And each Plaintiff seeks to represent all similarly-situated individuals nationwide. "Because the plaintiffs' claims each arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals, all of the above-captioned actions will involve common questions of law and fact." *Schultz v. TD Ameritrade, Inc.*, No. 8:23-cv-375, 2023 WL 6621073, at *1 (D. Neb. Oct. 11, 2023).

Consolidating the cases will also promote judicial efficiency and avoid unnecessary costs and delays. Indeed, the parties propose consolidating into the first-filed case, No. 25-cv-1409, filing a joint consolidated complaint in that case, and administratively closing the other two cases. ECF No. 9 at 2. Such action would benefit all parties and the Court by limiting duplicative filings. Accordingly, the Court grants Plaintiffs' unopposed request to consolidate.

3

**II.     Interim Co-Lead Counsel and Liaison Counsel**

Plaintiffs further ask the Court to approve an interim co-lead class counsel structure in which Carl V. Malmstrom (counsel for Niosi), Philip J. Krzeski (counsel for Marston), and Marc H. Edelson (counsel for Crist and Lemmons) are appointed as co-lead counsel, and David A. Goodwin (counsel for Crist and Lemmons) is appointed as liaison counsel. *See id.* at 4.

Under Federal Rule of Civil Procedure 23(g)(3), the Court may designate interim class counsel before determining whether to certify a class. "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Bartling v. Apple Inc.*, No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018) (citation omitted). When considering the appointment of interim class counsel, courts consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources. *Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-cv-2687 (JNE/JJK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014) (citing Fed. R. Civ. P. 23(g)(1)(A)).

Considering the four factors, the Court is assured that each of the proposed lead counsel, together with their respective firms, could be appointed as interim lead counsel. Malmstrom, Krzeski, and Edelson, and the firms at which they work, have extensive experience as lead counsel in other nationwide class actions, experience dealing with

4

classes alleging claims like those here, and ample resources to effectively litigate the case moving forward. *See generally* ECF No. 8 at 10–18.

The question is whether to appoint them as *co*-lead counsel. Though Rule 23(g) does not specifically contemplate co-lead counsel structures, "it is not unusual for multiple firms to serve as interim co-lead counsel." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-1610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (collecting cases). This is particularly true where a case is complex, involves many potential class members, and the proposed co-lead counsel can work harmoniously. *See id.*; *see also In re Int. Rate Swaps Antitrust Litig.*, No. 16-md-2704 (PAE), 2016 WL 4131846, at *4 (S.D.N.Y. Aug. 3, 2016) (noting that appointing co-lead counsel "has become common practice" in complex antitrust class actions); *Piercy v. AT&T Inc.*, 348 F.R.D. 1, 3 (D. Mass. 2024) (appointing co-lead counsel where counsel were "sufficiently experienced to allow coordination of the proceedings in a manner that will avoid unnecessary duplication"); *Breakwater Trading LLC v. JPMorgan Chase & Co.*, No. 20-cv-3515 (PAE), 2020 WL 5992344, at *4 (S.D.N.Y. Oct. 9, 2020) ("An ability to work with other plaintiffs' counsel can benefit the class by permitting interim lead counsel to utilize the talent and resources of other counsel without the need for a formal executive or steering committee.").

Nevertheless, appointing multiple firms as co-lead counsel runs the risk of "duplicative services and the concomitant increase in attorneys' fees." *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998). But such an arrangement still may be warranted "so long as 'the interest of all class members will be vigorously, professionally,

yet efficiently handled.'" *Piercy*, 348 F.R.D. at 3 (quoting *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 167 (D. Mass. 2007)).

Considering the circumstances presented here, appointment of co-lead counsel is appropriate. The alleged data breach affected 85,000 individuals across the country, suggesting that the class is potentially numerous. ECF No. 8 at 18–19. The Plaintiffs all agree to the proposed structure. *Id.* And co-lead counsel represent to the Court that they are working well as a team and have already discussed the need to "prosecute the case efficiently and without duplication." *Id.* at 20. The Court will, for now, take them at their word. *See Piercy*, 348 F.R.D. at 3 (granting co-lead structure where "[c]ounsel assure[d] the Court that consolidation will allow the firms to cooperate and minimize duplicative work going forward").

Finally, co-lead counsel seek the appointment of David A. Goodwin as liaison counsel. ECF No. 8 at 10. Notably, Plaintiffs submit no information regarding what role Goodwin might play in this case. Nevertheless, in general, the Court understands that liaison counsel "assists lead counsel with administrative matters." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014). Indeed, the Manual for Complex Litigation describes liaison counsel as "[c]harged with . . . communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." J. Alex Grimsley, Manual for Complex Litigation § 10.221 (4th ed., Sept. 2024 update). Thus, the Court tentatively "approves the appointment of liaison counsel on the

6

understanding that its role will be limited to procedural advice and services related to litigating in this district." *Tanne v. Autobytel, Inc*., 226 F.R.D. 659, 673 (C.D. Cal. 2005); *see also In re Dividend Solar Fin., LLC*, MDL No. 24-3128 (KMM/DTS), 2024 WL 5074813, at *2–3 (D. Minn. Dec. 11, 2024) (granting liaison counsel the responsibility to "[f]ulfill the local, on-the-ground responsibilities for communications between the Court and other counsel . . . [c]oordinate the filing of papers on behalf of Plaintiffs . . . and [a]ttend conferences and hearings").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Joint Motion to Consolidate Related Cases and Appoint Interim Co-Lead and Liaison Counsel (ECF No. 6) is **GRANTED** as follows:

1. *Niosi v. Eisner Advisory Group LLC*, No. 25-cv-1409 (D. Minn.); *Marston v. Eisner Advisory Group LLC*, No. 25-cv-1568 (D. Minn.); and *Crist v. EisnerAmper LLP*, No. 25-cv-1573 (D. Minn.) are consolidated for pretrial and trial proceedings.

2. *Niosi v. Eisner Advisory Group LLC*, No. 25-cv-1409 (D. Minn.), as the first-filed case, shall serve as the lead case.

3. All future filings shall be filed in the lead case and shall bear the caption: *In re Eisner Advisory Group Data Breach Litigation*.

4. Plaintiffs shall file a consolidated complaint within forty-two days of the date of this order.  Eisner shall have forty-two days after the filing of the consolidated complaint to answer or otherwise respond.  If Eisner responds with a Rule 12 motion, Plaintiffs shall

7

have twenty-eight days to respond to such motion, and Eisner shall have twenty-one days to file a reply.

5. After the Plaintiffs file a consolidated complaint, the Clerk of Court is directed to administratively close case numbers 25-cv-1568 and 25-cv-1573, and to add all parties and attorneys of record from the related cases to the lead case: No. 25-cv-1409.

6. Carl V. Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC, Philip J. Krzeski of Chestnut Cambronne PA, and Marc H. Edelson of Edelson Lechtzin LLP are appointed interim Co-Lead Class Counsel, and David A. Goodwin of Gustafson Gluek PLLC is appointed interim Liaison Counsel, for the Consolidated Action.

Dated: May 27, 2025                    *s/Laura M. Provinzino*
                                                                                  Laura M. Provinzino
                                                                                 United States District Judge